FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 13 1998

JAMES W. McCORMACK, CLERK
By: Martha Fugate
DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DONALD CREWS Plaintiff

VS. NO. J-C-98-433

ROLAND GEROR, DONALD ASHLEY,
GARLAND TIPTON, STEVE GAMBILL
DONN FOSTER, AND JEFF PRESLEY DEFENDANT

COMPLAINT

This case assigned to District Judge Reasoner
and to Magistrate Judge Jones

The Plaintiff states:

1. All parties are residents of Craighead County, Arkansas, within the jurisdictional limits of this Court. This is an action for violation of Plaintiff's civil rights as guaranteed by the U.S. Constitution and 42 U.S.C. 1983, et. seq. by which authority this Court has jurisdiction.

2. At all times pertinent hereto, Defendants, Geror, Ashley and Tipton were police officers employed by the City of Caraway; Defendants Gambill, Foster and Presley were police officers employed by Craighead County, Arkansas.

3. All defendants are sued in their individual and their official capacities.

4. On May 27, 1997, approximately between 11:00 and 11:30 a.m., Plaintiff was driving a vehicle owned by Chris Mason, outside the city limits of Caraway. The vehicle was stopped, for no cause, by Defendant Geror, who told Plaintiff he was "going to jail". Defendants Ashley, Tipton and Gambill arrived on the scene soon after the stop. Defendant Gambill handcuffed Plaintiff,

though no one ever told Plaintiff that he was arrested or the charges for which he was arrested. In fact, Defendant Tipton informed Plaintiff that he was not under arrest, though neither Tipton nor any other defendant removed the handcuffs on Plaintiff. Defendant Gambill placed Plaintiff, handcuffed, into a car owned by the Craighead County Sheriff's Department and operated by Defendant Gambill. Plaintiff's son, Jeffrey, who was in the pickup truck Plaintiff was driving, was placed in the car with Plaintiff. Defendant Gambill then endangered Plaintiff and Jeffrey Crews' life by driving 90-100 m.p.h. to the jail. The actions of Defendants Geror, Ashley, Tipton and Gambill in arresting Plaintiff, without probable cause to do so, was intentional and done with malice with the intent to deprive Plaintiff of his rights hereinafter described.

5. Defendant Tipton was, at the time, the Chief of Police of Caraway. As such, he was a person who made the policy of the Caraway Police Department. The above described actions of Defendants Geror, Ashley, and Tipton were done as a result of the policy of the Caraway Police Department to harass people and to arrest people outside the Caraway city limits where they have no jurisdiction, and were the result of Chief Tipton's decision to carry out that policy in this instance.

6. When Plaintiff and Defendant Gambill arrived at the Craighead County jail, officers at the jail informed Plaintiff that his bond was set at $250.00. Plaintiff had $476.00 on his person

and when Defendant Foster counted Plaintiff's money, Defendant Gambill observed the amount of Plaintiff's money and instructed Defendant Foster to increase the bond to $500. Defendant Gambill then informed Plaintiff that he did not have enough money to post bond. Plaintiff offered to make up the additional $24.00 with a check, but Defendant Gambill refused, saying they could not take a check. Plaintiff then called his wife to come and get him, and she did so. When she arrived at the jail with sufficient money to make bail, the officers at the jail did not have exact change, and they unreasonably refused to take a $10.00 check from Mrs. Crews, and insisted that she get exact change to make the bail. Mrs. Crews then went to several convenience businesses that were open at the time (about 2:30 a.m.) to get change for a $100 bill, and returned with exact change and made Plaintiff's bail. When she returned to the jail, Defendant Presley then informed her the bail was $250.00, which bail Plaintiff made and was released from jail. The acts of Defendants Presley, Gambill, and Foster in refusing to allow Plaintiff's bail to be made unless exact change was offered, in unreasonably refusing Plaintiff's and his wife's check for a small amount of the bail, in unreasonably demanding a $500 bail, then reducing it to the original $250, caused Plaintiff to have to remain incarcerated, for no reason. These actions of Defendants Presley, Gambill, and Foster were intentional and done with malice with the intent to deprive him of his rights as herein set forth.

7. The above described actions of Defendants were done pursuant to a policy of the Craighead County Sheriff's Department to allow its jailors and deputies to arbitrarily set bail and hold arrestees in custody until the bail they set is made. This policy is in violation of the Arkansas Rules of Criminal Procedure, the Arkansas Constitution, and the United States Constitution.

8. At all times pertinent hereto, Plaintiff had a right secured by the U.S. Constitution, the Arkansas Constitution, and the statutes of the U.S. and the State of Arkansas, to be free from arrest or incarceration without existing probable cause that he had committed a crime; to make reasonable bail; Plaintiff was deprived of these rights by the above described actions of the various defendants, working in concert and conspiracy with one another.

Wherefore, Plaintiff prays damages against the defendants, jointly and severally, in their individual and official capacities in the compensatory sum of $250,000.00; for punitive damages of $500,000; for attorney's fees and costs herein.

Mike Everett
Attorney for Plaintiff
412 Broadway
Marked Tree, Arkansas 72365